# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FEDERICO LOPEZ | CIVIL ACTION |
| VERSUS | NO. 17-8977 |
| MCDERMOTT, INC., ET AL | SECTION "N" (5) |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. 15). The Motion is opposed by two Defendants, Shell Oil Company and Tennessee Gas Pipeline Company, LLC ("Defendants") (Rec. Doc. 23). For the reasons stated herein, **IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

## I. BACKGROUND

On June 16, 2017, Plaintiff, Federico Lopez, filed the instant lawsuit in the Civil District Court for the Parish of Orleans, State of Louisiana, against fifteen defendants seeking an award of damages for his alleged exposure to asbestos between the years of 1973-1986. (*See* Rec. Doc. 1-2, as amended by Rec. Doc. 30).[1] Plaintiff alleges that he was exposed to injurious levels of asbestos while he was employed by Kellogg Brown & Root as a welder and pipefitter at "numerous locations," including "premises/sites owned and/or operated by Defendants." (Rec. Doc. 30 at p. 1). Plaintiff further alleges that the asbestos exposure caused him to contract malignant mesothelioma, which was diagnosed on or around May 18, 2017. (Rec. Doc. 30 at p. 4).

---

[1] On January 4, 2018, Plaintiff amended his Petition to include three additional defendants who were identified at his deposition on August 17, 2017, as products he worked with, namely: Bell & Gossett Pumps, Crosby Valves, LLC, and Fisher Controls International, LLC.

1

On September 13, 2017, Defendants, Shell Oil Company and Tennessee Gas Pipeline Company, LLC, removed the action, invoking federal subject matter jurisdiction pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1349(b), and, alternatively, pursuant to federal question jurisdiction, 28 U.S.C. § 1331.[2] (*See* Rec. Doc. 1). Further, Defendants contend that this Court has supplemental jurisdiction over Plaintiff's claims against all other defendants pursuant to 28 U.S.C. § 1367(a), "as those claims are so related to the claims falling under this Court's original jurisdiction such that they form part of the same case or controversy." (*Id*. at p. 5). Finally, Defendants assert that removal is timely because the Notice of Removal was filed within thirty days of Plaintiff's August 16, 2017 deposition, during which Defendants first ascertained that Plaintiff's claims against them arose out of, or were in connection with, Defendants' operations on the Outer Continental Shelf ("OCS"), which involved the exploration, development, and/or production of minerals. (*Id.*).

Thereafter, Plaintiff filed the instant Motion to Remand, seeking remand on the basis that this Court lacks subject matter jurisdiction. (Rec. Doc. 15). Plaintiff alleges that Defendants have failed to carry their burden of showing that OCSLA, or any other basis for federal subject matter jurisdiction, applies in this case. (Rec. Doc. 15-1 at p. 3). Plaintiff denies that his injuries arose out of or in connection with the exploration, development, or production of minerals: "Rather, Plaintiff [alleges that he] was exposed to asbestos in the course of building or repairing platforms, not operating them, and Plaintiff was not exploring, developing, or producing minerals when he was exposed." (*Id.* at p. 5). Further, Plaintiff asserts that OCSLA does not provide a basis for removal because he alleged solely state law causes of action and did not assert a cause of action under

---

[2] All other served Defendants consented to removal. (Rec. Doc. 1 at p. 6).

OCSLA. (*Id.* at p. 6).

In opposition, Defendants reject Plaintiff's arguments as being "contrary to Fifth Circuit precedent." (Rec. Doc. 23). Specifically, Defendants assert that the case was properly removed on two separate grounds, 43 U.S.C. 1349 (OCSLA) and 28 U.S.C. 1331 (federal question). (*Id.* at p. 4). While emphasizing the broad reach of OCSLA's jurisdictional grant, Defendants contend that removal jurisdiction exists under OCSLA because Plaintiff alleges that he was exposed to asbestos while working to construct, repair, maintain, and service OCS platforms, which qualifies as operations on the OCS involved in the exploration or production of minerals. (*Id.* at pp. 4-5). Defendants assert that "but for those OCS operations, his allegations would not exist;" thus, this Court has OCSLA jurisdiction. (*Id.* at p. 13). Alternatively, Defendants contend that this Court has federal question jurisdiction under 28 U.S.C. 1331, in light of OCSLA's choice of law provision, 43 U.S.C. §1333. Accordingly, Defendants request that the Motion to Remand be denied.

## II. LAW AND ANALYSIS

### A. OCSLA Jurisdiction

The burden is on the removing party to establish federal subject matter jurisdiction, who must prove it "by a preponderance of the evidence." *Young v. United States*, 727 F.3d 444, 446 (5th Cir. 2013). OCSLA, 43 U.S.C. §1349(b), contains an independent grant of original federal jurisdiction, which states, in pertinent part:

> [T]he district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals. . . .

43 U.S.C. § 1349(b)(1).

3

The Fifth Circuit has consistently interpreted this jurisdictional grant broadly, utilizing a "but-for" test in order to determine if a cause of action arises under OCSLA. *See In re Deepwater Horizon*, 745 F.3d 157, 163-64 (5th Cir. 2014); *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 350 (5th Cir. 1999); *Tenn. Gas Pipeline v. Hous. Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996); *EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 569 (5th Cir. 1994). Specifically, when assessing OCSLA jurisdiction under 43 U.S.C. § 1349(b), federal courts consider whether "(1) the activities that caused the injury constituted an 'operation' 'conducted on the outer Continental Shelf' that involved the exploration and production of minerals, and (2) the case 'arises out of, or in connection with' the operation." *Deepwater*, 745 F.3d at 163. Contrary to Plaintiff's argument, a plaintiff need not expressly invoke OCSLA for it to apply. *Id.*

The term "operation," though not expressly defined in OCSLA, has been explained as "the doing of some physical act on the OCS." *E.P. Operating Ltd. P'ship*, 26 F.3d at 567 (citing *Amoco Production Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202 (5th Cir. 1988)). The terms "exploration," "development," and "production," have been defined broadly "to encompass the full range of oil and gas activity from locating mineral resources through the *construction*, *operation, servicing and maintenance of facilities to produce those resources.*" *Id.* at 568 (emphasis added). Once it has been established that the injury-causing activities constitute an operation on the OCS that involve mineral exploration, development, or production, courts in this Circuit then apply a "but for" test to determine whether the case arises out of, or in connection with the OCS operation. *Tenn. Gas Pipeline*, 87 F.3d at 155. In applying this test, courts examine whether the injury would have occurred but for the OCS operation. *See id.*

B. **Analysis**

The Court rejects Plaintiff's limited and quite literal reading of OCSLA, which is in direct contravention of the Fifth Circuit's consistently broad interpretation. Applying the two-prong jurisdictional test, the Court finds that removal was proper because OCSLA confers original jurisdiction over this suit. In his August 16, 2017 deposition, Plaintiff revealed that a portion of the alleged asbestos exposing work involved the construction, repair, maintenance, and service of OCS platforms in connection with Defendants' OCS operations. In his deposition, Plaintiff testified that while employed by Kellogg Brown and Root he fabricated offshore drilling and production platforms, repaired old offshore drilling platforms, and also worked on offshore drilling rigs in the Gulf of Mexico.[3] (*See* Rec. Doc. 23-1 at pp. 6-7, 10-11, 32). Moreover, Plaintiff testified that, beginning in 1974, "every month and a half" he worked as a fitter and welder on various offshore drilling platforms, while the platforms were "out in the ocean," which required a seven to eight hour boat ride from Morgan City, Louisiana. (*Id.* at pp. 14, 16-18, 25-26).

Specifically, Plaintiff testified that he worked on a Tenneco[4] platform in West Cameron, the LOOP platform, Stingray platforms, and other unidentified platforms owned or operated by Chevron, Exxon, Texaco, Monsanto, Marathon, Shell, and others.[5] (Rec. Doc. 23-1 at pp. 19-24). As stated in the Affidavit of Richard Lorenz, Tenneco's West Cameron platform is located on the

---

[3]*See Nase v. Teco Energy Inc.*, 347 F.Supp. 2d 313, 318 (E.D. La. 2004) (in the context of a motion to remand, courts may consider deposition testimony in addition to the factual allegations contained in the petition).

[4]Defendant, Tennessee Gas Pipeline Company, L.L.C., was formerly known as Tenneco Inc. (*See* Rec. Doc. 30 at p. 1).

[5]Plaintiff testified that he worked offshore on the LOOP, Stingray, and Tenneco West Cameron platforms for about six weeks; and that he worked on the Texaco, Exxon, Chevron, Marathon, and Shell platforms for about two weeks. (Rec. Doc. 23-1 at pp. 21-24). His average shift on these platforms ranged from 12-18 hours, seven days a week. (*Id.* at pp. 25, 42).

5

OCS in the West Cameron Block, over 100 miles off the Louisiana coastline, and was designed, constructed, and installed by Brown & Root to serve as a base of operations for Tenneco's exploration, development, and production of minerals on the OCS. (Rec. Doc. 23-2 at p. 2). It is clear that Plaintiff's injury-causing activities–exposure to asbestos while constructing, servicing, and maintaining offshore drilling and production platforms–are sufficient physical acts constituting the requisite operation under OCSLA, and that Plaintiff's work furthered mineral development.

As per the second prong, it appears that at least part of the work that Plaintiff alleges caused his exposure to asbestos arose out of or in connection with the OCS operations. In the Motion to Remand, Plaintiff states that the instant suit arises out of "asbestos exposures he received on land and on off-shore drilling platforms...[and that] Plaintiff was exposed to asbestos in the course of building or repairing platforms." (Rec. Doc. 15-1 at pp. 3, 5). Additionally, Plaintiff testified that, while he was working on various offshore platforms, he was present when the pipe insulation on the platform piping was removed and replaced.[6] (Rec. Doc. 23-1 at pp. 26-27, 30-31). During both the removal and replacement of the pipe insulation, Plaintiff recalled it being "smoky" and "dusty," and stated that "debris [was] flying everywhere." (*Id.* at pp. 26-28). Further, Plaintiff testified that he breathed the dust and got the dust on his clothing and body. (*Id.* at pp. 27-28).

Plaintiff's work on and in support of the OCS structures provides a sufficient connection to Defendants' operations on the OCS. Accordingly, the Court finds that Plaintiff's allegations that he was exposed to injurious levels of asbestos while employed by Kellogg Brown & Root, which

---

[6]Specifically, Plaintiff testified that he was present during the removal and replacement of pipe insulation that had "half-moon shells" while he was working on the following seven platforms: the LOOP, Stingray, Tenneco West Cameron, Exxon, Chevron, Shell, and Marathon platforms. (Rec. Doc. 23-1 at p. 31).

involved extensive work on the OCS,[7] and that his exposure caused him to contract malignant mesothelioma, is sufficient to satisfy the liberal "but for" jurisdictional test utilized by the Fifth Circuit. *See Deepwater*, 745 F.3d at 163. Exercising jurisdiction in this case is therefore appropriate under OCSLA's broad jurisdictional grant over cases arising out of or in connection with mineral operations on the OCS. *See Ronquille v. Aminoil Inc.*, No. 14-164, 2014 WL 4387337, at *2 (E.D. La. Sept. 4, 2014) (finding OCSLA jurisdiction over Plaintiff's claims for damages from alleged asbestos exposure at an onshore facility because "at least part of the work that Plaintiff alleged caused his exposure to asbestos arose out of or in connection with Shell's OCS operations."); *see also Sheppard v. Liberty Mutual Ins.*, No. 16-2401, 2016 WL 6803530, at *4 (E.D. La. Nov. 17, 2016) (denying remand finding that the OCSLA jurisdictional test was satisfied; reasoning, in part, that due to the potential for multiple sufficient causes of asbestos exposure, the presence of one sufficient cause does not excuse the presence of another sufficient cause in the "but for" analysis).

### III. CONCLUSION

For the foregoing reasons, **IT IS SO ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. 15) is hereby **DENIED**.

New Orleans, Louisiana, this 24th day of January 2018.

**KURT D. ENGELHARDT**
**United States District Judge**

---

[7] Plaintiff testified that throughout his employment with Kellogg Brown & Root, he went offshore to work about sixty times. (Rec. Doc. 23-1 at p. 33).

7