# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FEDERICO LOPEZ ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-8977** |
| **MCDERMOTT, INC ET AL** | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is Defendant McDermott, Inc.'s motion for summary judgment, R. Doc. 108. Plaintiff has failed to respond to the motion. Considering the briefs and the applicable law, the Court issues the following Order & Reasons.

### I. BACKGROUND

In June 2017, Plaintiffs brought this lawsuit for asbestos exposure in Orleans Parish Civil District Court. R. Doc. 1-2 at 2. In September 2017, Defendants removed the suit arguing that Plaintiffs claims are based on Defendants' activities on the Outer Continental Shelf. R. Doc. 1. Plaintiff Federico Lopez alleges that he was exposed to asbestos by Defendants and contracted malignant mesothelioma. R. Doc. 1-2 at 4. Plaintiff alleged that he was exposed to asbestos from 1971-1973 while working as a gasket cutter for Defendant Lamons Gasket Company and then again from 1973-1986 while working for Kellogg Brown & Root as a welder/pipefitter. R. Doc. 61 at 2. Plaintiff brings strict liability/negligence claims against the Defendants as miners/manufacturers/sellers/suppliers distributors, premises owners, contractors, or employers. R. Doc. 61. Plaintiff Federico Lopez died on November 9, 2017 after filing this claim. R. Doc. 61 at 1. His surviving spouse, Maricela Lopez, and surviving child, Federico Lopez III, assert a

wrongful death claim on behalf of Plaintiff Federico Lopez. R. Doc. 61 at 1. Plaintiffs also ask for damages for medical expenses, lost earnings, pain and suffering, loss of consortium, and loss of quality of life. R. Doc. 61 at 16.

This case was initially assigned to Judge Vance but was reassigned to Chief Judge Engelhardt due to a conflict of interest. R. Doc. 3. In October 2017, Plaintiffs filed a motion to remand. R. Doc. 15. In January 2018, Plaintiffs filed their first amended complaint. R. Doc. 30. On January 24, 2018, this Court denied Plaintiffs' motion to remand. R. Doc. 42. In May 2018, the case was reassigned to Judge Vance because Judge Engelhardt moved to the Fifth Circuit. R. Doc. 52. The case was immediately reassigned to Judge Morgan because of Judge Vance's previously stated conflict of interest. R. Doc. 53.

In June 2018, Plaintiffs filed their second amended complaint. R. Doc. 61. On July 26, 2018, the Judge Morgan was recused and the case was reassigned to Judge Fallon. R. Doc. 101.

## II. PRESENT MOTION

Defendant McDermott, Inc. ("McDermott") has filed a motion for summary judgment. R. Doc. 108. Defendant McDermott argues that Plaintiffs have no facts supporting that Mr. Lopez was exposed to asbestos by their actions or on their premises. R. Doc. 108-2 at 1. Mr. Lopez testified that he was only around McDermott employees on one project and that those employees' activities did not generate asbestos dust. R. Doc. 108-2 at 7. Furthermore, there are no records indicating that Mr. Lopez was ever an employee of McDermott or at a McDermott facility. R. Doc. 108-2 at 7. Accordingly, Defendant McDermott argues that Plaintiffs cannot sustain a claim against it for exposure to asbestos. R. Doc. 108-2.

## III. LAW & ANALYSIS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

Here, Defendant's motion is unopposed and the Court finds that there are no genuine issues of material fact. By Plaintiff's own testimony he was not exposed to asbestos at a McDermott

facility or because of the actions of McDermott employees. Accordingly, Plaintiffs' claims against Defendant McDermott should be dismissed.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant McDermott's motion for summary judgment, R. Doc. 108, is hereby **GRANTED** and Plaintiffs' claims against McDermott are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 29th day of August, 2018.

_____
UNITED STATES DISTRICT JUDGE