UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FEDERICO LOPEZ, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-8977**<br>**CONS. W/ 19-9928** |
| **MCDERMOTT, INC., ET AL.** | **SECTION "L" (5)** |
| *APPLIES TO: 17-8977 ONLY* | |

### ORDER & REASONS

Before the Court is a motion to dismiss filed by Defendant ConocoPhillips Company ("Conoco"). R. Doc. 223. Plaintiffs Maricela Lopez and Federico Lopez III oppose the motion.[1] R. Doc. 242. Conoco has filed a reply. R. Doc. 264. The Court now rules as follows.

### I. BACKGROUND

This case arises out of Plaintiff Federico Lopez' alleged exposure to asbestos while serving as a pipefitter and welder at facilities owned and/or operated by Defendants.[2] R. Doc. 1-2 at 2. Mr. Lopez contends he contracted malignant mesothelioma as a result of his exposure and seeks to recover damages for his injuries. *Id.* at 4. Mr. Lopez passed away on November 9, 2017. R. Doc.

---

[1] On November 8, 2018, Jessica and Alfred Soliz, who contend they are Mr. Lopez' biological children, filed suit bringing claims against several defendants and alleging substantially similar causes of action to the case at bar. No. 19-9928, R. Doc. 1-2. On June 10, 2019, the Court consolidated the two matters. R. Doc. 268. The instant order concerns Plaintiffs Maricela Lopez and Federico Lopez III only.

[2] Mr. Lopez originally filed this lawsuit in Orleans Parish Civil District Court. R. Doc. 1-1. Plaintiff was deposed on August 16, 2017. During that deposition, Mr. Lopez testified that his alleged exposure arose, in part, out of activities connected to Defendants' Outer Continental Shelf operations. Based on this testimony, on September 13, 2017, Defendants removed the case to this Court. The case was initially assigned to Judge Vance but was immediately reassigned to Chief Judge Engelhardt due to a conflict of interest. R. Doc. 3. In October 2017, Plaintiffs filed a motion to remand. R. Doc. 15. On January 24, 2018, Chief Judge Engelhardt denied Plaintiffs' motion to remand. R. Doc. 42. In May 2018, the case was again reassigned to Judge Vance following Chief Judge Engelhardt's investiture to the U.S. Court of Appeals for the Fifth Circuit. R. Doc. 52. The case was immediately reassigned to Judge Morgan because of Judge Vance's previously stated conflict of interest. R. Doc. 53. On July 26, 2018, Judge Morgan recused herself, and the case was reassigned to the undersigned. R. Doc. 101.

1

61 at 1. His surviving spouse, Maricela Lopez, and surviving child, Federico Lopez III, now maintain the suit on Mr. Lopez' behalf and assert an additional claim for wrongful death. R. Doc. 61 at 1.

In their second amended complaint, Plaintiffs allege Mr. Lopez was exposed to asbestos between 1971 and 1973 while working as a gasket cutter for Defendant Lamons Gasket Company and again between 1973 and 1986 while working for Kellogg Brown & Root ("KBR") as a welder/pipefitter. *Id.* at 2. On March 18, 2019, Plaintiffs filed a Fourth Amended Petition for Damages naming ConocoPhillips Company ("Conoco") as a Defendant for the first time. R. Doc. 196. In this amended complaint, Plaintiffs allege Mr. Lopez was "was exposed to asbestos during his work for KBR at premises/sites owned and/or operated by . . . CONOCOPHILLIPS, as successor in interest to CONOCO, INC., CHEVRON CORPORATION, EPL OIL and GAS INC., and TEXACO, INC." *Id.* at ¶ 8(a). They contend his job responsibilities at the Conoco site required him to "us[e] or handl[e] asbestos or asbestos-containing products and/or equipment requiring or calling for the use of asbestos or asbestos-containing products." *Id.*

Based on this factual background, Plaintiffs bring strict liability and negligence claims against Defendants for their role in Mr. Lopez' exposure to asbestos and seek damages for medical expenses, lost earnings, pain and suffering, loss of consortium, loss of quality of life, and wrongful death. *Id.* at 16.

## II. PRESENT MOTION

In the present motion, Defendant Conoco seeks three forms of relief: (1) dismissal for lack of personal jurisdiction, or in the alternative, (2) dismissal of Plaintiffs' fraud claims, and (3) a more definite statement. R. Doc. 223-1. The Court first addresses Conoco's contention that this Court lacks personal jurisdiction.

## III. LAW & ANALYSIS

Conoco first challenges whether this Court may exercise personal jurisdiction over it pursuant to Federal Rule of Civil Procedure 12(b)(2). R. Doc. 223. When nonresident defendants like Conoco seek dismissal for lack of personal jurisdiction, the plaintiffs bear the burden of establishing the court's jurisdiction. *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). If the Court rules on the pleadings without first holding an evidentiary hearing, the plaintiffs are required only to make a *prima facie* showing of jurisdiction. *Id.* In determining whether the plaintiffs have met its burden, the Court may consider affidavits, interrogatories, depositions, or any other appropriate method of discovery. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). Under this analysis, the court "must accept as true [the plaintiffs'] uncontroverted allegations, and resolve in [their] favor all conflicts between the [jurisdictional] facts contained in the parties' affidavits and other documentation." *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 219–20 (5th Cir. 2012) (quoting *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004) (alterations in original) (quotation omitted)).

A federal district court may exercise personal jurisdiction over a nonresident defendant if "(1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Because Louisiana's long-arm statute extends as far as constitutional due process allows, the Court proceeds directly to the second step of the inquiry. *See* La. R.S. 13:3201 ("[A] court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States."); *see also Hunter v. Meyers*, 96–1075, p. 3 (La. App. 1 Cir. 3/27/97), 691 So. 2d 318, 320.

The exercise of personal jurisdiction over a nonresident defendant comports with the

guarantees of federal due process when the nonresident defendant has established minimum contacts with the forum state and the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemp't Comp. & Placement*, 326 U.S. 310 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457 (1940)). "There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). "The 'minimum contacts' inquiry is fact intensive and no one element is decisive; rather[,] the touchstone is whether the defendant's conduct shows that it 'reasonably anticipates being haled into court.'" *McFadin*, 587 F.3d at 759. Because in this case it is undisputed that the Court lacks general jurisdiction over Conoco, *see* R. Doc. 223 at 9; R. Doc. 264 at 1, the relevant inquiry is whether the Court can exercise specific jurisdiction over Conoco.

Specific jurisdiction lies when the alleged injuries arise from or are directly related to the nonresident defendant's contacts with the forum state. *Gundle Lining Const. Corp. v. Adams Cty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) and *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002). To determine whether specific jurisdiction exists, a court must "examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice." *Gundle Lining*, 85 F.3d at 205. Contrary to Conoco's assertion that these contacts must be "systemic," even a single contact can support specific jurisdiction if the defendant "'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

In determining whether a defendant has purposefully availed itself to the forum state, three elements are relevant to the court's inquiry. First, the court must limit its evaluation to the

4

defendant's contacts with the forum; the court may not consider the unilateral activity of the plaintiff or a third party. *Sangha v. Navig8 ShipMgmt. Private Ltd.*, 882 F.3d 96, 103 (5th Cir. 2018) (citing *Walden v. Fiore*, 571 U.S. 277 (2014)). Second, the contacts establishing specific jurisdiction must be purposeful rather than random, fortuitous, or attenuated to the complained of injury. *Id.* (citing *Walden*, 571 U.S. at 285–86). Finally, the defendant must seek some benefit, advantage, or profit by availing itself of the jurisdiction. *Burger King*, 471 U.S. at 475.

In this case, the sole jurisdictional allegation made against Conoco in Plaintiffs' complaint is that Mr. Lopez "was exposed to asbestos during his work for KBR at premises/sites owned and/or operated by . . . Conoco." R. Doc. 196 at ¶ 8(a). The complaint does not state where the Conoco site was located, an issue Conoco points out in its motion to dismiss. R. Doc. 223-1 at 2.

During his deposition Mr. Lopez testified that he "worked offshore on the Conoco packages" and that to go offshore, he would leave from Morgan City, Louisiana. R. Doc. 242-1 at 80, 84, 92. This testimony is problematic in two respects. First, neither the complaint, nor Mr. Lopez' testimony specify where Conoco's offshore site was located. Second, Defendants submit, and Plaintiffs agree, Mr. Lopez "immediately recanted" this testimony. R. Doc. 264 at 4; R. Doc. 242 at 2 (stating "Mr. Lopez seemed to recant going offshore on the Conoco package but affirmed building it in the yard" later in his deposition). The relevant portions of Mr. Lopez' deposition reads as follows:

> **Q**. I think you testified, Fred, that you had worked on a Conoco platform?
> **A**. Yeah. We—we built a Conoco package and we work on—not offshore. That was in the yard.
> **Q**. Okay. All right.
> **A**. I'm sorry.
> **Q**. No, that's okay. So the Conoco platform, that was inside the yard at Brown & Root.
> **A.** Yes.

R. Doc. 242-1 at 95. Based on Mr. Lopez' testimony that KBR "didn't fabricate anything" at its

5

Morgan City, Louisiana location, R. Doc. 242-1 at 81, the Court infers Mr. Lopez' statement that he worked on a Conoco platform "inside the yard" refers to work performed in Houston, Texas. Plaintiffs have offered no evidence to the contrary.

In addition to Mr. Lopez' confused, and apparently recanted testimony, in their opposition to Defendant's motion to dismiss for lack of personal jurisdiction, Plaintiffs state "Upon information and belief, [Mr. Lopez'] co-workers can offer testimony against . . . Conoco," including that they went "offshore with Mr. Lopez to work on Conoco platforms." R. Doc. 242 at 3. Later in their motion, and without reference to these unnamed co-workers, Plaintiffs state the Conoco platforms were "located on the Louisiana Continental Shelf," but site no evidence for that assertion. R. Doc. 242 at 6.[3] This potential testimony and unsubstantiated assertion are the only evidence Plaintiffs offer to establish that Conoco's contacts with Louisiana—specifically owning and/or operating a platform situated in Louisiana's Continental Shelf—caused or contributed to Mr. Lopez' alleged injuries.

The Court finds this issue dispositive: either Mr. Lopez traveled offshore to work on a Conoco platform situated in Louisiana's Continental Shelf where he was exposed to asbestos, which the Court concludes would establish specific *in personam* jurisdiction over Conoco, or his work for Conoco was based entirely at KBR's Houston, Texas facility, which the Court concludes would bar this Court from exercising *in personam* jurisdiction over Conoco. Thus, the Court considers whether these statements—that "upon information and belief" two witnesses will testify that they went offshore with Mr. Lopez to work on a Conoco platform located in Louisiana's Continental Shelf—satisfies Plaintiffs' burden of establishing this Court's jurisdiction over Conoco.

---

[3] Plaintiffs also state, again without citation, that "[i]t is undisputed that the oil platforms upon which Mr. Lopez worked and where he was exposed to asbestos were within 100 miles of the Louisiana coast." R. Doc. 242 at 7. Moreover, in its motion, it appears Conoco *does* dispute whether the Conoco platform upon which Mr. Lopez allegedly worked was located in Louisiana's Continental Shelf. *See generally* R. Docs. 223, 264.

Although the Court must resolve all factual disputes in Plaintiffs' favor, particularly when the Court does not hold an evidentiary hearing on the issue, *see Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999), the Court "need not accept as true conclusory statements based solely 'on information and belief.'" *The Leader's Institute, LLC v. Jackson*, No. 14-3572, 2015 WL 4508424, at *16 n.13 (N.D. Tex. July 24, 2015) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)); *see also Bonvillain v. La. Land & Expl. Co.*, 702 F. Supp. 2d 667, 682 (E.D. La. 2010). As a result, the Court finds these assertions, made for the first time in Plaintiffs' memorandum in opposition to Conoco's motion to dismiss, fail to make a *prima facie* case of establishing jurisdiction over Conoco, particularly in light of Mr. Lopez' sworn testimony that he did *not* work on a Conoco offshore platform.

Even assuming Plaintiffs had offered these unnamed witnesses' testimony that they went "offshore with Mr. Lopez to work on Conoco platforms," the witnesses offer no testimony specifying where these offshore platforms were located. Thus, in their opposition to Conoco's motion to dismiss, Plaintiffs essentially ask the Court to make two inferences in support of their jurisdictional allegations: (1) that two witnesses would actually testify that they went "offshore with Mr. Lopez to work on Conoco platforms," and (2) that these Conoco platforms were situated within Louisiana's jurisdictional boundaries. Plaintiffs point to no evidence that would allow the Court to make such an inference.

Nevertheless, the Court finds that evidence substantiating Plaintiffs' assertion that Mr. Lopez went offshore to work on a Conoco platform situated within Louisiana's jurisdictional boundaries and was exposed to asbestos would create a *prima facie* showing of specific jurisdiction over Conoco. This is sufficient to establish a "preliminary showing of jurisdiction." *Repub. Bus. Credit, LLC v. Greystone & Co., Inc.*, No. 13-5535, 2013 WL 6388657, at *4 (E.D. La. Dec. 6, 2013) (describing a preliminary showing of jurisdiction as "something less than a *prima facie*

showing and requires the presentation of factual allegations that suggest with reasonable particularity the possible existence of the necessary contacts"). Accordingly, the Court will order the parties to undergo jurisdictional discovery in order to obtain this evidence. *See Kelly v. Syria Shell Petrol. Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) ("A district court is not required to defer ruling on a jurisdictional motion until all discovery contemplated by the plaintiff has been accomplished; instead, an opportunity for discovery is required." (citing *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 n.4 (5th Cir. 1985))).

**IV.    CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that by no later than July 22, 2019 Plaintiffs obtain and file evidence substantiating their assertion that Mr. Lopez' "co-workers can offer testimony against . . . Conoco," including that they went "offshore with Mr. Lopez to work on Conoco platforms," located on the Louisiana Continental Shelf. This discovery order is limited to that purpose only. In the event the Court does not receive any evidence from Plaintiffs by this deadline, the Court will grant Conoco's motion to dismiss for lack of personal jurisdiction. The Court will defer ruling on Conoco's motion until that time.

New Orleans, Louisiana on this 21st day of June, 2019.

_____
Eldon E. Fallon
U.S. District Court Judge