# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FEDERICO LOPEZ, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-8977**<br>**CONS. W/ 19-9928** |
| **MCDERMOTT, INC., ET AL.** | **SECTION "L" (5)** |
| *APPLIES TO: ALL CASES* | |

## ORDER & REASONS

Before the Court are motions to dismiss filed by Defendants Exxon Mobil Corp., Marathon Oil Corp., Chevron U.S.A., and Texaco, Inc., R. Doc. 352, Goulds Pumps LLC ("Goulds") and ITT LLC ("ITT"), R. Doc. 356, Emerson Electric, R. Doc. 357, and General Electric, R. Doc. 358, with respect to the *Soliz* matter. All the motions are opposed. R. Docs. 380-83.

## I. BACKGROUND

In June 2017, Plaintiff Federico Lopez brought this lawsuit for asbestos exposure in Orleans Parish Civil District Court. R. Doc. 1-2 at 2. On September 13, 2017, the case was removed to this Court. In his petition, Plaintiff referenced his work at unidentified facilities owned and/or operated by multiple defendants, alleging he was exposed to asbestos by Defendants and contracted malignant mesothelioma as a result. R. Doc. 1-2 at 4. Mr. Lopez died on November 9, 2017 after filing this claim. R. Doc. 61 at 1. Thereafter, his surviving spouse, Maricela Lopez, and surviving child, Federico Lopez III, maintained the case on Mr. Lopez's behalf and asserted a

1

wrongful death claim. R. Doc. 61 at 1.

On November 8, 2018, Plaintiffs Jessica and Alfred Soliz filed suit in the 19th Judicial Court for the Parish of East Baton Rouge asserting strict liability and negligence claims on behalf of Mr. Lopez, alleging they were also Mr. Lopez's children. No. 19-9928, R. Doc. 1-2. This case was transferred to this Court on March 8, 2019, R. Doc. 1, and consolidated with the *Lopez* matter on June 10, 2019, R. Doc. 21.

Early on in the litigation, the *Lopez* Plaintiffs began settling with and dismissing claims against certain defendants. Relevant to the present motions are settlements executed on June 14 and 16, 2018, between the *Lopez* Plaintiffs and Defendants Goulds and ITT, whose motion to dismiss is pending before the Court. R. Doc. 356, 356-1 at 2. On January 11, 2019, the Court granted joint motions to dismiss all claims against Goulds and ITT with prejudice in the *Lopez* matter. R. Doc. 163, 164. The effect of these settlements and dismissals on the *Soliz* Plaintiffs is an issue the Court must now consider.

## II. PRESENT MOTION

Defendants Exxon Mobil Corp., Marathon Oil Corp., Chevron U.S.A., Inc., and Texaco Inc. filed a motion to dismiss, arguing that the *Soliz* Plaintiffs lack statutory standing to bring wrongful death and survival action claims. R. Doc. 352. These Defendants argue that the *Soliz* Plaintiffs lack standing under Louisiana Civil Code articles 2315.1, governing survival actions, and 2315.2, governing wrongful death actions, because they have not proven their biological relationship to the decedent, Federico Lopez. R. Doc. 352-1 at 3. These statutes, they argue, provided causes of action to specific, statutorily designated beneficiaries who are biologically related to the tort victim. In their petition, the *Soliz* Plaintiffs assert that they are the children of Federico Lopez but concede that paternity had not been established at the time of filing. R. Doc.

352-1 at 4. Accordingly, without a determination of a biological relationship between the *Soliz* Plaintiffs and the decedent, Defendant argue the *Soliz* Plaintiff are unable to state a claim for recovery under these statutes. R. Doc. 352-1. The motions filed by General Electric Co., R. Doc. 358, and Emerson Electric, Co., R. Doc. 357, are identical.

Defendants Goulds and ITT also filed a motion to dismiss. R. Doc. 356. Like the other Defendants, Goulds and ITT challenge the *Soliz* Plaintiffs' standing to bring wrongful death and survival action claims in light of the lack of established paternity. R. Doc. 356-1 at 11. In addition, Goulds and ITT argue the *Soliz* claims against them must be dismissed because these same claims had already been dismissed with prejudice in the *Lopez* matter. R. Doc. 356-1 at 3. Goulds and ITT argue that they had already settled with the *Lopez* Plaintiffs when the *Soliz* Plaintiffs filed suit. R. Doc. 356-1 at 3. They contend that a survival action involves the substitution of new parties for an original plaintiff, and that when such substitution occurs, "the lawsuit continues in the procedural posture existing at the time the substitution became necessary." R. Doc. 356-1 at 4 (quoting *Rainey v. Entergy Gulf States, Inc.*, 2001-2414 (La. App. 1 Cir. 6/25/04); 885 So. 2d 1193, 1204). Defendants concede that the substitution of the *Lopez* Plaintiffs for the decedent, Federico Lopez, was proper under the survival action statute. However, they argue that even if the *Soliz* Plaintiffs have standing, their survival action claim is consolidated with the *Lopez*'s survival action claim, such that "any changes to the procedural posture of this case have res judicata effect as to the *Soliz* Plaintiffs." R. Doc. 356-1 at 5. Accordingly, Defendants argue that their dismissal in the *Lopez* matter should preclude the *Soliz* Plaintiffs from asserting new claims against them. R. Doc. 356-1 at 6.

Similarly, Defendants Goulds and ITT also argue that the *Soliz* Plaintiffs' wrongful death action must be dismissed because a wrongful death action must be joined by all survivors of the

3

decedent entitled to recover damages. R. Doc. 356-1 at 6. Defendants contend that instead of joining the wrongful death action already initiated by the *Lopez* Plaintiffs, the *Soliz* Plaintiffs initiated a "separate and duplicative" claim that must be dismissed. R. Doc. 356-1 at 7.

### III. LAW & ANALYSIS

#### A. Standing

Motions to dismiss for lack of statutory standing are considered under Federal Rule of Civil Procedure 12(b)(6). *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 (5th Cir. 2011). This is in contrast to challenges to constitutional standing, which are governed by Rule 12(b)(1). *Id.*

The Federal Rules of Civil Procedure permit a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The district court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Iqbal*, 556 U.S. at 678. A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

Louisiana Civil Code articles 2315.1, governing survival actions, and 2315.2, governing

wrongful death claims, provide a cause of action to certain classes of individuals who survive a tort victim. These causes of action operate in favor of the following exclusive, hierarchical list of beneficiaries:

> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
>
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
>
> (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

La. Civ. Code arts. 2315.1, 2315.2. This hierarchy of beneficiaries must be strictly construed. *Craig v. Scandia, Inc.*, 634 So. 2d 944, 945 (La. Ct. App.).

An essential element of a claim under articles 2315.1 and 2315.2 is a particular biological relationship between the plaintiff and the decedent. In the various motions to dismiss, Defendants all argue that the *Soliz* Plaintiffs have failed to state a claim under either statute because, at the time of filing, their relationship to the decedent was in question.

For the purpose of the statutes, "children" means "those persons born of the marriage, those adopted, and those whose filiation to the parent has been established in the manner provided by law." La. Civ. Code art. 3506(8); *Williams v. Board of Supervisors of Univ. of Louisiana Sys.*, 48,763 (La. App. 2 Cir. 2/26/14), 135 So. 3d 804, 819. "The critical requirement for classification of a person as a child under article 2315.2 is the biological relationship between the tort victim and the child." *Jenkins v. Mangano Corp.*, 2000-0790 (La. 11/28/00), 774 So. 2d 101, 103. The Louisiana Supreme Court has held that "[i]t is of no consequence that the child is legitimate or illegitimate for purposes of deciding whether the child may bring an action under Article 2315, all

5

children have the right to bring an action for wrongful death and survival action." *Id.* at 103. This is because "it is the biological relationship and dependency which is determinative of the child's rights in these cases, and not the classification into which the child is placed by the statutory law of the State." *Warren v. Richard*, 296 So. 2d 813, 817 (La. 1974).

Accordingly, the *Soliz* Plaintiffs have standing to bring survival and wrongful death claims if they are determined to be the biological children of Federico Lopez. Louisiana Civil Code article 197, governing filiation, provides that when a parent is deceased, alleged children must demonstrate paternity with clear and convincing evidence. La. Civ. Code art. 197 rev. cmt. (d). All relevant evidence is admissible for this purpose. *Id.* cmt. (c). Although their standing was uncertain at the time they filed suit, Plaintiffs have provided the results of a DNA test that indicates that the probability of sharing a biological parent with Federico Lopez, III, one of the *Lopez* Plaintiffs, exceeds 99%.[1] R. Docs. 381-1. The evidence has not been refuted. Having demonstrated that it is highly probable that they are the biological children of the decedent, the *Soliz* Plaintiffs have standing to bring their survival action and wrongful death claims.

**B. Res Judicata**

Defendants Goulds and ITT additionally argue that even if the *Soliz* Plaintiffs have standing, they should be precluded from asserting claims against Goulds and ITT specifically. They argue that survival actions and wrongful death actions must be joined by all surviving beneficiaries with the right to bring suit, and that any litigants who join such an action "inherit the action as they find it." R. Doc. 356-1 at 6. Goulds and ITT further explain that because the *Lopez*

---

[1] According to the DNA Test Report provided by Plaintiffs in their reply memorandum, the probability of half-siblingship between Alfred Soliz and Federico Lopez III is 99.5%, and the likelihood that they share a biological parent is 221 to 1. The same test reveals that the probability of Jessica Soliz and Federico Lopez being half-siblings is 99.8%, and their likelihood of sharing a biological parent is 620 to 1. R. Doc. 380-2.

Plaintiffs' claims against them were dismissed prior to the consolidation of the *Soliz* Plaintiffs' lawsuit, the *Soliz* Plaintiffs' claims against them must also be dismissed.[2] R. Doc. 356-1 at 6.

At the outset, the Court notes that survival actions and wrongful death claims "are separate and distinct causes of action." *Ayo v. Johns-Manville Sales Corp.*, 771 F.2d 902, 906 (5th Cir. 1985) (citing *Guidry v. Theriot*, 377 So.2d 319, 322 (La. 1979)). A survival action is an action brought by a decedent's statutorily designated beneficiaries to recover the damages the decedent himself could have recovered. *Id.* In contrast, a wrongful death claim permits the same beneficiaries to recover damages the beneficiaries themselves sustained as a result of the decedent's death. *Id.* Accordingly, the Court considers these causes of action separately.

**A. Survival Action**

Article 801 of the Louisiana Code of Civil Procedure provides that "[w]hen a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party." La. Code Civ. Proc. 801. In relevant part, a "legal successor" is defined as those individuals "designated in Article 2315.1 of the Civil Code." *Id.* As previously explained, Article 2315.1 provides a cause of action to, among others, the surviving spouse and children of a deceased tort victim, allowing them to recover for the injuries suffered by the tort victim prior to his death.

"A survival action permits recovery of the damages suffered by a tort victim from the time of injury until the moment of death." *Palermo v. Port of New Orleans*, 2004-1804 (La. App. 4 Cir. 1/19/07), 951 So. 2d 425, 433. Accordingly, a survival action is a single cause of

---

[2] Goulds Pumps, LLC and ITT, LLC represent that they settled with the *Lopez* Plaintiffs on June 14 and 16, 2019. R. Doc. 356-1 at 2. On January 11, 2019, the Court granted joint motions to dismiss all claims against Goulds Pumps, LLC and ITT, LLC with prejudice. R. Doc. 163, 164. The *Soliz* matter was filed in state court on November 8, 2018 and removed to federal court on March 8, 2019. On June 9, 2019, the *Soliz* matter was consolidated with the *Lopez* matter. R. Doc. 268.

action jointly shared by all members of the class statutorily authorized to recover. *Id.* Under Louisiana law, when a tortfeasor owes a performance for the common benefit of multiple individuals, the obligation is divisible and "each joint obligee is entitled to receive[] only his portion." La. Civ. Code arts. 1788-89. Because a tortfeasor in a survival action owes a performance to the entire class of beneficiaries, "[a]ny judgment for the payment of money damages is a divisible obligation." *Gibbs v. Magnolia Living Ctr., Inc.*, 38,184 (La. App. 2 Cir. 4/7/04), 870 So. 2d 1111, 1115, *writ denied*, 2004-1148 (La. 7/2/04), 877 So. 2d 146.

When Mr. Lopez passed away, his surviving spouse and children, legitimate and illegitimate alike, were authorized to pursue a survival action under article 2315.1. The Court construes the involvement of both the *Lopez* and *Soliz* Plaintiffs in this matter as a proper substitution under article 801. "Ordinarily, when substitution of a party pursuant to [Louisiana Code of Civil Procedure 801] is necessary, the lawsuit continues in the procedural posture existing at the time substitution became necessary." *Rainey*, 885 So. 2d at 1204. Typically, in a survival action, a judgement rendered "prior to the substitution of parties, . . . will be res judicata with respect to the substituted successors." *Id.* A dismissal with prejudice is considered a final judgement for the purposes of preclusion. *See Sims v. American Ins. Co.*, 2012-0204 (La. 10/16/12), 101 So. 3d 1, 7. Accordingly, the dismissal of claims against Goulds and ITT with prejudice in the survival action have a preclusive effect on the claims of the *Soliz* Plaintiffs because the claims were settled and dismissed prior to the *Soliz*'s consolidation in this matter.

The Court notes, however, that the *Lopez* and *Soliz* Plaintiffs are members of the same class of beneficiaries who are each entitled to recover their individual portion of damages. When there are multiple members of a recovering class of beneficiaries, the award in a survival action is equally shared among them. *Austrum v. City of Baton Rouge*, 282 So. 2d 434, 439 (La. 1973). In

the instant case, the surviving spouse and siblings are each entitled to recover one-fourth of the proceeds from the survival action. To the extent that the *Soliz* Plaintiffs are now precluded from pursuing a survival action against Goulds and ITT directly, they may seek recovery of their share of settlement proceeds from the *Lopez* Plaintiffs.

**B. Wrongful Death**

With respect to wrongful death claims, the Louisiana Supreme Court has explained that "[a]ll beneficiaries in the same dominant class have the right to bring their own individual wrongful death action even though all the beneficiaries seek recovery for the damages they individually sustained as a result of the death of the same person."[3] *Lockett v. State, Dep't of Transp. & Dev.*, 2003-1767 (La. 2/25/04), 869 So. 2d 87, 94, *overturned due to legislative action*. These separate actions may, but are not required to be, "cumulated in a single suit when there is a community of interest." *Id.* (citing La. Civ. Code art. 463).

Under Louisiana law, when an obligation is owed to multiple persons, the obligation is severable, such that a tortfeasor owes a separate performance to each member of a class of beneficiaries entitled to bring a wrongful death claim. La. Civ. Code art. 1787. A wrongful death claim seeks to compensate a beneficiary for "their *own individual* injury" resulting from a tort victim's death. *Gibbs*, 870 So. 2d at 1114 (emphasis added). The damages elements of a wrongful death claim may involve "loss of love, affection, companionship, services, support, medical expenses, and funeral expenses . . . [as well as] the mental pain, suffering, and distress resulting

---

[3] The Court notes that Defendants cite numerous cases that hold, contrary to *Lockett*, that a survival action must be joined by all entitled beneficiaries. *See e.g.*, *Morrison v. New Orleans Pub. Serv. Inc.*, 415 F.2d 419, 424 (5th Cir. 1969) ("In short, the law of Louisiana is that a single wrongful death results in a single cause of action belonging jointly to all survivors of the decedent who are entitled by statute to damages."). The Court is unable to explain the disparity between these cases and *Lockett* but notes that the cases cited by Plaintiff were decided over forty-years ago. Accordingly, the Court will apply the reasoning from *Lockett*, the Louisiana Supreme Court's most recent and clear pronouncement on the topic.

from the death of the victim."[4] *Hill v. Shelter Mut. Ins. Co.*, 2005-1783 (La. 7/10/06), 935 So. 2d 691, 695. The amount of general damages recoverable by each beneficiary depends on "the differing degrees of affection which existed between the deceased and the different members of the class." *Gibbs*, 870 So. 2d at 1114. Accordingly, Goulds and ITT both conceivably owe separate obligations to the *Soliz* Plaintiffs, and the *Lopez* Plaintiffs have no right or ability to settle the *Soliz* Plaintiffs' individual wrongful death claims.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants Exxon Mobil Corp., Marathon Oil Corp., Chevron U.S.A., Inc., and Texaco Inc.'s, R. Doc. 352, Emerson Electric's, R. Doc. 357, and General Electric's, R. Doc. 358, motions to dismiss are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Goulds Pumps, LLC, and ITT, LLC's motion to dismiss, R. Doc. 356, is **DENIED IN PART** and **GRANTED IN PART**. It is denied with respect to the wrongful death claims and granted with respect to the survival claim.

New Orleans, Louisiana this 25th day of November, 2019.

*[signature: Eldon E. Fallon]*
United States District Judge

---

[4] In contrast, a wrongful death claimant may not recover special damages for his or her own post-accident medical or psychological care. *See Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1455 (5th Cir.), *amended on reh'g in part*, 905 F.2d 61 (5th Cir. 1990).